Moulton *v.* Moulton.

----

## MOULTON *vs.* MOULTON.

Where a bill is filed by a wife against her husband, for a separation from bed and board on account of cruel treatment, and an answer on oath is waived, and the defendant suffers the bill to be taken as confessed, the complainant cannot be examined by the master, upon the reference, to prove the acts of cruelty charged in the bill.

The object of the 166th rule of the court of chancery was to enable the complainant to make out her case where the defendant was an absentee, or where he had neglected to answer and make the discovery called for by the bill. And it was not intended to apply to a case where the complainant, by waiving an answer on oath, had deprived the defendant of the benefit of his answer to explain the transactions complained of.

No decree for a separation will be granted where the acts of cruelty set forth in the bill occurred so long since that the statute of limitations has attached.

Moulton *v.* Moulton.

THIS was a bill by the complainant against her husband, for a separation from bed and board, on account of alleged cruel treatment. The complainant waived an answer on oath as to the acts of cruelty charged in the bill, and the defendant suffered the bill to be taken as confessed. Upon the reference the master examined the complainant herself to prove acts of cruelty; most of which acts were alleged to have occurred from ten to twenty years before the filing of her bill in this cause.

*Lucius Pitkin,* for the complainant.

*C. Roosevelt,* for the defendant.

THE CHANCELLOR. This was not a proper case for the examination of the complainant to prove the acts of cruelty charged in her bill. The object of the 166th rule was to enable the complainant to make out her case where the defendant was an absentee, or where he had neglected to answer and make the discovery called for by the bill; and was never intended to apply to a case where the complainant, by waiving an answer on oath, had deprived the defendant of the benefit of his answer to explain the transactions complained of. The testimony of the wife, therefore, must be laid entirely out of the case in deciding the question whether the husband has been guilty of such acts of cruelty as to justify this court in decreeing a separation. Again; most of the acts of alleged cruelty which are testified to by the wife, as having occurred when no one was present except the husband and wife, took place from ten to twenty years since, and are therefore barred by the statute limiting the time for bringing suits in equity.

The alleged acts of cruelty which are charged as having taken place within the last few years, appear to have been the natural result of the complainant's own misconduct, in charging her husband with offences which were calculated and intended to irritate him. And they are not proved by those who were present when the difficulty first occurred, except in one or two instances, in which it is perfectly evident the complainant was clearly

in the wrong. Under such circumstances it would be a per
version of the object for which the statute on this subject was
passed, to decree a separation; although the husband does not
resist the application.

The complainant's bill is therefore dismissed. And the de-
fendant must take his wife home, and provide for her support.